UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-422-FDW
(3:97-cr-40-FDW-2)

| | |
|---|---|
| JUAN BUATISTA ALOMIA-TORRES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255.[1]

## I. BACKGROUND

On May 6, 1999, Petitioner was convicted in this district on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 & 851 (Count 1); one count of possession with intent to distribute cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841 & 18 U.S.C. § 2 (Count 3); one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1) & 1957(a) (Count 6); and one count of conspiracy to import cocaine, in violation of 21 U.S.C. §§ 963 & 952 (Count 7). Petitioner was sentenced to life imprisonment on Counts 1, 3 and 7, and a concurrent term of 240-months' imprisonment on Count 6.[2] (3:97-cr-40, Doc. 306: Judgment in a Criminal Case). Petitioner's judgment was affirmed on appeal. United States v. Alomia-Torres,

---

[1] Petitioner labels his motion as one brought under Rule 60(b) of the Federal Rules of Civil Procedure. As will be explained herein, the Court finds that the motion is in fact an unauthorized, successive § 2255 motion.

[2] Petitioner was sentenced by the Honorable Samuel G. Wilson.

1

215 F.3d 1321 (4th Cir. June 7, 2000) (unpublished).

On June 1, 2001, Petitioner filed a § 2255 motion to vacate his sentence contending that the trial court violated his rights as enumerated in the Supreme Court's decision in Apprendi and that his trial counsel was ineffective at trial and on appeal.[3] On July 11, 2003, the Court denied Petitioner's motion after concluding that Petitioner failed to present a meritorious claim for relief. In particular, the Court noted that that the Fourth Circuit affirmed Petitioner's conviction and sentence before the Supreme Court filed the Apprendi decision, and Apprendi was not retroactively applicable to cases on collateral review. (3:01-cv-301, Doc. Nos. 12 & 13). Petitioner filed an appeal which was dismissed by the Fourth Circuit for failure to prosecute. United States v. Alomia-Torres, No. 03-7478 (4th Cir. Feb. 5, 2004).

On January 17, 2006, Petitioner filed what he labeled as a Rule 60(b) motion for relief from his criminal judgment and again raised a claim that his sentence was unconstitutional based on the Supreme Court's Apprendi decision. (3:97-cr-40, Doc. No. 486). On April 20, 2006, the Court dismissed Petitioner's motion without prejudice after finding that it was, in fact, an unauthorized, successive § 2255 motion pursuant to 28 U.S.C. § 2244. (Doc. No. 491). The Fourth Circuit dismissed Petitioner's appeal after finding that it was untimely filed. United States v. Alomia-Torres, 286 F. App'x 11 (4th Cir. Aug. 4, 2008) (unpublished). See also United States v. Alomia-Torres, 341 F. App'x 863 (4th Cir. Aug. 19, 2009) (unpublished) (order again dismissing Petitioner's appeal from this Court's April 20 Order of dismissal on the basis that it was untimely filed).

On November 5, 2012, Petitioner filed a motion labeled as a Rule 60(b)(4) motion contending that his criminal judgment was void. (3:13-cv-422-FDW). Again, Petitioner is raising

---
[3] Apprendi v. New Jersey, 530 U.S. 466 (2000).

2

an Apprendi claim and attacking the same criminal judgment that was affirmed by the Fourth Circuit on direct appeal on June 7, 2000, and that Petitioner attacked through his first § 2255 motion, which was denied, and through a successive § 2255 motion that was dismissed by the Court.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The relief Petitioner is seeking through a "Rule 60(b)(4)" motion—an order vacating his sentence—is the same relief that he could obtain through a successful § 2255 proceeding. That he may label his motion as one filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is of no moment. The district courts are instructed to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)). Petitioner has conducted two failed campaigns in Section 2255 collateral proceedings in this district and the present effort appears to be a second, unauthorized § 2255 motion.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part,

that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit, therefore this Court is without jurisdiction to consider the merits of a successive petition under Section 2255. See In re Vial, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that for the reasons stated herein, Petitioner's Section 2255 motion is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a

debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

Signed: August 1, 2013

Frank D. Whitney
Chief United States District Judge